UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ALEXANDER LOGAN,

                Plaintiff,

v.

                                    Case No. 3:18-cv-1358-J-34MCR

WILLIAM HALL, et al.,

                Defendants.

_____

## ORDER

### I. Status

Plaintiff James Alexander Logan, an inmate of the Florida penal system, initiated this action on November 15, 2018, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) with exhibits (Doc. 1-1).[1] In the Complaint, Logan asserts claims pursuant to 42 U.S.C. § 1983 against Defendants William Hall, Michael Epperly, Hoss Shook, Patrick Williams, Charles Allen, Christopher Cole, Colin Williams, John M. Palmer, Troy Brady, and Francis D. Ong, M.D. He alleges that Defendants Shook, P. Williams, Allen, Cole, and C. Williams violated his Eighth Amendment right when they used excessive force against him during a May 13, 2016 cell extraction that Defendant Palmer authorized. He asserts that Defendants Hall and Epperly failed to intervene to stop the cell extraction, and Defendant Brady falsified documents to cover up the wrongdoing. Logan also alleges that Defendant Ong was deliberately indifferent to his post-use-of-force medical needs, specifically a hand injury. As relief, he requests monetary and injunctive relief.

---

[1] The Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

This matter is before the Court on Defendant Ong's Motion to Dismiss (Motion; Doc. 45). The Court advised Logan that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter and gave him an opportunity to respond. See Order (Doc. 5). Logan filed a response in opposition to the Motion. See Response in Opposition (Response; Doc. 50). Thus, Defendant's Motion is ripe for review.

## II. Plaintiff's Allegations[2]

Logan asserts that a cell extraction team assaulted him on May 13, 2016, which resulted in hand and head injuries. See Complaint at 7, 12. According to Logan, Defendant Ong's May 14th "inadequate surgery" caused disfigurement of Logan's left hand. Id. at 17. He explains Ong's alleged deliberate indifference as follows:

> I contend even after my left hand pinkie got broken at FSP [(Florida State Prison)] from the extraction on May 13, 2016, I was still able to bend my left hand an[d] make a close[d] fist. I contend since [D]octor Ong did his surgery on my left hand an[d] now I cannot make a fist nor bend my left hand nor pinkie finger and I told [D]octor Ong on 8-31-16 at RMC [(Reception and Medical Center)] that my nerves are damaged in my left hand due to his inadequate[] surgery which left me with a lifetime injury. I contend that [D]octor Ong violated [the] 8th [Amendment of the] U.S. Constitution with deliberate[] indifference due to the fact his action greatly injur[ed] me by disfigurement[.] [M]y left hand and pinkie finger which got my hand not able to bend nor make a close[d] fist nor my pinkie can bend due to his inadequate[] surgery dated 5-14-16[.] I

---

[2] The Complaint is the operative pleading. In considering a motion to dismiss, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the Complaint and may differ from those that ultimately can be proved. Additionally, because this matter is before the Court on a motion to dismiss filed by Defendant Ong, the Court's recitation of the facts will focus on Logan's allegations as to Ong.

need to see another new hand specialist to fix my hand an[d] nerves.

Id. at 13 (parentheticals omitted).

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262 63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal")

(internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[3] (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706).

A court considering a motion to dismiss under Rule 12(b), Federal Rules of Civil Procedure (Rule(s)), is generally limited to the facts contained in the operative complaint and any attached exhibits, including documents referred to in the complaint that are central to the plaintiff's claims. See Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009). Nevertheless, when reviewing a motion to dismiss under Rule 12(b)(6), "a document outside the four corners of the complaint may still be considered if it is central

---

[3]  "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

to the plaintiff's claims and is undisputed in terms of authenticity." <u>Maxcess, Inc. v. Lucent Techs., Inc.</u>, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (citing <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1135 (11th Cir. 2002)); <u>Day v. Taylor</u>, 400 F.3d 1272, 1275-76 (11th Cir. 2005) (citation omitted).

## IV. Summary of the Arguments

In the Motion, Defendant Ong requests dismissal of Logan's medical malpractice claim because he failed to comply with Florida's pre-suit requirements under Florida Statutes section 766. <u>See</u> Motion at 5-8. Next, Defendant argues that Logan fails to state a plausible Eighth Amendment claim against him, <u>see id.</u> at 8-13, and he is entitled to qualified immunity, <u>see id.</u> at 13-16. He also asserts that Logan is "unquestionably a three-strikes offender," <u>id.</u> at 17, and urges the Court to dismiss the action under 28 U.S.C. § 1915(g) because Logan has had three prior qualifying dismissals and does not meet the imminent danger exception to dismissal, <u>see id.</u> at 16-17. In his Response, Logan asserts that he is not subject to Florida's pre-suit requirements. <u>See</u> Response at 2. Next, he maintains that he states a plausible Eighth Amendment claim against Defendant Ong, and that Ong is not entitled to qualified immunity. <u>See id.</u> at 2-4. He also asserts that he is not a three-strikes litigant. In support of his position, he asks that the Court take judicial notice of <u>James Alexander Logan v. Lieutenant Felicia Chestnut, et al.</u>, Case No. 3:08-cv-993-J-12JRK, Order (Doc. 101), filed April 13, 2011. <u>See id.</u> at 5.

## V. Judicial Notice

At any stage of a proceeding, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The United States Court of Appeals for the Eleventh Circuit has cautioned that judicial notice should be employed sparingly because it "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence." Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997). "[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." Id.

In a habeas corpus case in which the district court addressed the issue of timeliness, the Eleventh Circuit held that the dates that the district court noticed from the online state-court dockets constituted "judicially noticed facts under Rule 201." Paez v. Sec'y, Fla. Dep't of Corr., 931 F.3d 1304, 1307 (11th Cir. 2019). Moreover, the Eleventh Circuit has determined that a court may take judicial notice of public records when ruling on a motion to dismiss. See Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1077 at n.9 (11th Cir. 2013) (taking judicial notice of state court documents for purposes of a Rule 12(b)(6) motion to dismiss in a § 1983 case). Generally, the Eleventh Circuit has distinguished between taking judicial notice of the fact that court records or court rulings exist and taking judicial notice of the truth of the matters stated within those court records or court filings. See Grayson v. Warden, Comm'r, Ala. DOC, 869 F.3d 1204, 1225 (11th Cir. 2017). Thus, judicial notice of related court cases can only be taken either to recognize the judicial act that the order represents or the subject matter of the litigation. See Thomas v. Sec'y, Fla. Dep't of Corr., 644 F. App'x 887, 888 (11th Cir. 2016) (per curiam) (taking "judicial notice of another court's order for the limited purpose of

recognizing the 'judicial act'" that the order represented) (citation omitted); <u>McDowell Bey v. Vega</u>, 588 F. App'x 923, 926-27 (11th Cir. 2014) (per curiam) (finding that district court properly took judicial notice of entries appearing on state court's docket sheet). Consistent with this authority, the Court takes judicial notice of <u>James Alexander Logan v. Lieutenant Felicia Chestnut, et al.</u>, Case No. 3:08-cv-993-J-JRK (consent to proceed before the Magistrate Judge).

## VI. Discussion

### A. Florida's Pre-Suit Requirements
### for a Medical Malpractice Claim

Defendant Ong contends that Logan failed to comply with Florida's pre-suit requirements, and therefore, requests dismissal of Logan's claim against him. Ong states that Logan's assertion that the surgical procedure worsened his condition "is sufficient to trigger" Florida's pre-suit protections. Motion at 6. He argues that Logan failed to send a notice of intent to initiate litigation as required by Florida Statutes section 766.106(2)(a), and also failed to comply with the pre-suit investigation requirements of section 766.203(2). <u>See</u> Motion at 5-8. In his Response, Logan asserts that he exhausted the prison's administrative remedies, and therefore, was not required to comply with Florida's pre-suit requirements. <u>See</u> Response at 2. In support of his position, he cites <u>Parzyck v. Prison Health Servs.</u>, 627 F.3d 1215, 1218 (11th Cir. 2010),[4] and argues that his grievances sufficiently alerted Ong to his medical complaint and gave Ong an opportunity to resolve it before being sued. <u>See</u> <u>id.</u>

---

[4] The Eleventh Circuit held that a prisoner need not name any particular defendant in a grievance in order to properly exhaust his claim because the exhaustion requirement is designed to alert a prison officer to a problem, not to personally notify a particular officer that he may be sued. <u>See</u> <u>Parzyck</u>, 627 F.3d at 1218-19.

The Prison Litigation Reform Act requires an inmate wishing to challenge prison conditions to first exhaust all available administrative remedies before filing an action under 42 U.S.C. § 1983. <u>See</u> 42 U.S.C. § 1997e(a). Nevertheless, as to medical malpractice claims, the Eleventh Circuit has stated:

> Florida law requires that[,] before filing any claim for personal injury or wrongful death arising from medical malpractice, the claimant conduct an investigation of the claim and send the defendant(s) a notice of intent to sue, along with a corroborating opinion by a medical expert. Fla. Stat. § 766.203(2) (2005). Attorneys must file with the claim a certificate of counsel, verifying that they have conducted a reasonable investigation and that there is a basis for a good faith belief that medical negligence occurred. Fla. Stat. § 766.104 (2005). The Florida Supreme Court has made clear that these requirements are prerequisites to suit, but not jurisdictional. <u>Kukral v. Mekras</u>, 679 So.2d 278, 283 (Fla. 1996). . . .
>
> Florida law mandates the dismissal of a claim for medical malpractice when the pre-suit requirements have not been fulfilled. Fla. Stat. § 766.206(2) (2005). . . .

<u>Johnson v. McNeil</u>, 278 F. App'x 866, 871-72 (11th Cir. 2008).

The first step in the pre-suit investigation process is for the claimant to make a reasonable investigation to determine whether there are "grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." Fla. Stat. § 766.104(1); <u>see</u> Fla. Stat. § 766.203(2); <u>Weaver v. Myers</u>, 229 So.3d 1118, 1121 (Fla. 2017) ("[B]efore filing a medical negligence action in Florida, a claimant must satisfy statutory requirements, which include conducting a presuit investigation process to ascertain whether there are reasonable grounds to believe that the defendant medical provider was negligent, and that the negligence resulted in injury to the claimant."). After completing this pre-suit investigation and prior to filing a claim, the claimant must notify

each potential defendant "of intent to initiate litigation for medical malpractice." Fla. Stat. § 766.106(2)(a). The claimant must corroborate his claim with a verified written medical expert opinion, which must be furnished to each potential defendant with the notice of intent to initiate litigation. Fla. Stat. § 766.203(2). To the extent Logan intends to bring a medical malpractice claim against Defendant Ong, he must follow Florida's mandatory pre-suit requirements.[5] Accordingly, Defendant's Motion is due to be granted as to Logan's medical malpractice claim because he failed to comply with Florida's pre-suit requirements.

## B. Three Strikes under 28 U.S.C. § 1915(g)[6]

Defendant Ong asserts that Logan has had three prior qualifying dismissals and does not meet the imminent danger exception to dismissal, and therefore, he requests that the Court dismiss the action under 28 U.S.C. § 1915(g). See Motion at 16-17. Ong

---

[5] In Weaver, the Florida Supreme Court held that certain amendments to the medical malpractice law, which required the release of medical records and permitted ex parte secret interviews with medical providers, violated the appellant's right to privacy. 229 So.3d at 1141-42 ("Here, the constitutional protection operates in the specific context of shielding irrelevant, protected medical history and other private information from the medical malpractice litigation process.").

[6] The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

contends that the three prior qualifying dismissals are: Case Nos. 3:14-cv-310-J-34JRK; 2:01-cv-588-FtM-29DNF; and 2:02-cv-66-FtM-29DNF. In his Response, Logan maintains that he is not a three-strikes litigant. In support of his position, he cites to the Court's Order (Doc. 101) in Case No. 3:08-cv-993-J-12JRK. See Response at 5. Notably, upon the filing of Logan's Complaint, the Court reviewed Logan's prior filings to determine whether he was a three-strikes litigant. Over the years, Logan has been a prolific filer in this Court, however, he was not a three-strikes litigant at the time he initiated this action on November 15, 2018.[7] Therefore, Defendant's Motion is due to be denied as to his assertion that Logan had three prior qualifying dismissals at the time he initiated this lawsuit.

## C. Eighth Amendment Deliberate Indifference Claim

Logan's assertions in the Complaint center upon the alleged inadequacy of the surgical procedure performed by Ong on May 14th. According to Logan, the procedure had a subpar outcome, causing lifetime disfigurement and limited mobility to Logan's left hand. See Complaint at 13, 17. In a grievance attached to the Complaint, Logan stated that he noticed his pinkie finger's limited mobility on August 11, 2016, when the cast was

---

[7] See Case Nos. 3:14-cv-310-J-34JRK, Order of Dismissal (Doc. 35) (the parties settled the issues and requested dismissal of the matter with prejudice), filed December 7, 2016; 2:01-cv-588-FtM-29DNF, Order (Doc. 5) (dismissed without prejudice for failure to exhaust administrative remedies), filed November 9, 2001; and 2:02-cv-66-FtM-29DNF, Order (Doc. 4) (dismissed without prejudice for failure to exhaust administrative remedies), filed February 26, 2002; see also Case No. 3:08-cv-993-J-12JRK, Order (Doc. 101). Notably, the United States District Court for the Northern District of Florida recently dismissed Logan's case number 3:19-cv-3793-LC-EMT without prejudice pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). See James Alexander Logan v. J. Schrock, et al., Case No. 3:19-cv-3793-LC-EMT, Order (Doc. 6), filed November 8, 2019. Nevertheless, Logan did not have three prior qualifying dismissals at the time he initiated this action.

removed. See Doc. 1-1 at 18. He avers that he told Ong about the nerve damage and limited mobility when he saw him on August 31, 2016. See Complaint at 13. Defendant Ong maintains that Logan fails to state a plausible Eighth Amendment deliberate indifference claim against him. He states that Logan fails to provide "specific facts from which it could be inferred" that Ong was deliberately indifferent to a serious medical condition. Motion at 12. Additionally, Ong asserts that Logan's disagreement with his course of treatment does not amount to deliberate indifference. See id. at 13. In his Response, Logan states that he saw Ong three times for post-surgical follow-up: (1) June 15th; (2) July 13th when Ong removed the pins; and (3) August 31st when Ong ordered new x-rays. See Response at 2-3. Logan contends that when Ong became aware of the nerve damage on August 31st, he neither prescribed pain medication, taped Logan's fingers together, nor showed him any therapeutic exercises. See id. at 3. He maintains that Florida Department of Corrections (FDOC) officers and medical staff conspired to hinder him from receiving the post-surgical physical therapy that Ong had ordered. See id. at 3, 7-8.

The Eleventh Circuit has explained the requirements for a claim of constitutionally inadequate care:

> "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones . . . ." Farmer, 511 U.S. at 832, 114 S.Ct. at 1976 (internal quotation and citation omitted).[8] Thus, in its prohibition of "cruel and unusual punishments," the Eighth Amendment requires that prison officials provide humane conditions of confinement. Id. However, as noted above, only those conditions which objectively amount to an "extreme deprivation" violating contemporary standards of decency are subject to Eighth Amendment scrutiny. Hudson, 503 U.S. at 8-9, 112 S.Ct. at

---

[8] Farmer v. Brennan, 511 U.S. 825 (1994).

> 1000.[9] Furthermore, it is only a prison official's subjective deliberate indifference to the substantial risk of serious harm caused by such conditions that gives rise to an Eighth Amendment violation. <u>Farmer</u>, 511 U.S. at 828, 114 S.Ct. at 1974 (quotation and citation omitted); <u>Wilson</u>, 501 U.S. at 303, 111 S.Ct. at 2327.[10]

<u>Thomas v. Bryant</u>, 614 F.3d 1288, 1306-07 (11th Cir. 2010). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." <u>Brown v. Johnson</u>, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003)). First, the plaintiff must satisfy the objective component by showing that he had a serious medical need. <u>Goebert v. Lee Cty.</u>, 510 F.3d 1312, 1326 (11th Cir. 2007).

> "A serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" <u>Id.</u> (citing <u>Hill v. Dekalb Reg'l Youth Det. Ctr.</u>, 40 F.3d 1176, 1187 (11th Cir. 1994)). In either case, "the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." <u>Id.</u> (citation and internal quotations marks omitted).

<u>Brown</u>, 387 F.3d at 1351. Next, the plaintiff must satisfy the subjective component, which requires the plaintiff to "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." <u>Richardson v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (describing the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.") (citing <u>Farrow</u>, 320 F.3d at 1245); <u>Lane v.</u>

---

[9] <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992).

[10] <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991).

<u>Philbin</u>, 835 F.3d 1302, 1308 (11th Cir. 2016) (setting forth the three components) (citing

<u>Farrow</u>, 320 F.3d at 1245).

> [T]he Supreme Court established that "deliberate indifference" entails more than mere negligence. <u>Estelle</u>,[11] 429 U.S. at 106, 97 S.Ct. 285; <u>Farmer</u>, 511 U.S. at 835, 114 S.Ct. 1970. The Supreme Court clarified the "deliberate indifference" standard in <u>Farmer</u> by holding that a prison official cannot be found deliberately indifferent under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer</u>, 511 U.S. at 837, 114 S.Ct. 1970 (emphasis added). In interpreting <u>Farmer</u> and <u>Estelle</u>, this Court explained in <u>McElligott</u> that "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." <u>McElligott</u>, [12] 182 F.3d at 1255; <u>Taylor</u>,[13] 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need").

<u>Farrow</u>, 320 F.3d at 1245-46. Notably, the Supreme Court has stated that a plaintiff may

demonstrate the deliberate indifference of prison officials by showing that they

intentionally interfered with prescribed treatment or intentionally denied access to medical

care. <u>See</u> <u>Estelle</u>, 429 U.S. at 104-05.

To the extent Logan is complaining about Ong's surgical procedure and course of

treatment, such a complaint would be at most a claim of negligence or a disagreement

with Ong's medical treatment choice, neither of which is sufficient to state a claim of

---

[11] <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).

[12] <u>McElligott v. Foley</u>, 182 F.3d 1248 (11th Cir. 1999).

[13] <u>Taylor v. Adams</u>, 221 F.3d 1254 (11th Cir. 2000).

deliberate indifference to a serious medical condition. Thus, taking Logan's allegations as true, as this Court must do, he fails to state a plausible Eighth Amendment deliberate indifference claim against Defendant Ong. As such, Defendant's Motion is due to be granted as to Logan's Eighth Amendment deliberate indifference claim against Defendant Ong.[14]

Therefore, it is now

**ORDERED**:

1.      Defendant Ong's Motion to Dismiss (Doc. 45) is **PARTIALLY GRANTED** only to the extent that Logan's (1) medical malpractice claim against Defendant Ong is dismissed without prejudice for his failure to comply with Florida's mandatory pre-suit requirements under Chapter 766,[15] and (2) Eighth Amendment claim against Defendant Ong is dismissed with prejudice. Otherwise, the Motion is **DENIED**.

2.      The Clerk shall terminate Francis D. Ong, M.D. as a Defendant in the case.

3.      The parties are encouraged to discuss settlement, and notify the Court of their efforts **by December 18, 2019**. If the parties settle the case privately among themselves, they must notify the Court immediately.

---

[14] For this same reason, Defendant Ong's assertion of his right to qualified immunity would provide an alternative basis for dismissal.

[15] The statute of limitations for a medical malpractice claim is two years, see Fla. Stat. § 95.11(4)(b), while the statute of limitations for a negligence claim is four years, see Fla. Stat. § 95.11(3)(a). The Court expresses no opinion as to whether a state-law claim for medical malpractice or negligence would be barred by the applicable statute of limitations.

4.      The Court will set deadlines for discovery and the filing of dispositive motions by separate order.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of November, 2019.


MARCIA MORALES HOWARD
United States District Judge

sc 11/18
c:
James Alexander Logan, FDOC #Y00683
Counsel of Record