UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ALEXANDER LOGAN,

        Plaintiff,

v.

                                  Case No. 3:18-cv-1358-J-34MCR

WILLIAM HALL, et al.,

        Defendants.

## **ORDER**

Plaintiff James Alexander Logan, an inmate of the Florida penal system, initiated this action on November 15, 2018, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) with exhibits (Doc. 1-1).[1] In the Complaint, Logan asserts claims pursuant to 42 U.S.C. § 1983 against Defendants William Hall, Michael Epperly, Hoss Shook, Patrick Williams, Charles Allen, Christopher Cole, Colin Williams, John M. Palmer, Troy Brady, and Francis D. Ong, M.D.[2] He alleges that Defendants Shook, P. Williams, Allen, Cole, and C. Williams, as members of a cell extraction team, assaulted him when they removed him from his cell on May 13, 2016, which resulted in head and hand injuries. See Complaint at 7, 9-12. Additionally, he states that Defendant Palmer authorized the cell

---

[1] The Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

[2] The Court partially granted Defendant Ong's Motion to Dismiss (Ong's Motion; Doc. 45) on November 18, 2019. See Order (Doc. 64) at 14. In doing so, the Court dismissed Logan's medical malpractice and Eighth Amendment claims against Ong, and directed the Clerk to terminate Ong as a Defendant in the case. Otherwise, the Court denied Ong's Motion.

extraction. See id. at 11. According to Logan, Defendants Hall and Epperly failed to intervene to stop the unnecessary force associated with the cell extraction, see id. at 8, and Defendant Brady falsified documents to cover up the wrongdoing, see id. at 11. As relief, he requests monetary and injunctive relief.

This matter is before the Court on Defendants' Dispositive Motion to Revoke Plaintiff's IFP Status, Dismiss the Case without Prejudice, and Request for the Court to Take Judicial Notice of Court Filings (Motion; Doc. 71). The Court advised Logan that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter and gave him an opportunity to respond. See Order (Doc. 5). Logan filed a response in opposition to the Motion. See Response in Opposition (Response; Doc. 72). Thus, Defendants' Motion is ripe for review.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, **on 3 or more prior occasions**, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. The Eleventh Circuit has interpreted § 1915(g) to mean that dismissals on only three specific grounds constitute a strike: frivolity,

maliciousness, and failure to state a claim upon which relief may be granted. See Daker v. Comm'r, Ga. Dep't of Corr., 820 F.3d 1278, 1284-85 (11th Cir. 2016).

In the Motion, Defendants assert that Logan is a three-strikes litigant, and urges the Court to revoke his in forma pauperis (IFP) status, and dismiss the action under § 1915(g) because Logan has had three prior qualifying dismissals and does not meet the imminent danger exception to dismissal. See Motion at 2-3, 9. They contend that Logan has filed at least three cases that have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted. See id. at 2-3. According to Defendants, the following cases count as "strikes" and form the basis for revoking Logan's IFP status and dismissing the case without prejudice: (1) Case No. 3:11-cv-646-J-12TEM (M.D. Fla. 2011); (2) Case No. 2:01-cv-588-FTM-29DNF (M.D. Fla. 2001); and (3) Case No. 19-10906-E (11th Cir. May 29, 2019). They assert that they became aware of Case No. 19-10906-E on or about March 31, 2020, when the Court entered its Order (Doc. 40) in Logan v. Crawford, et al., Case No. 3:19-cv-717-J-34MCR. In his Response, Logan maintains that he was not a three-strikes litigant at the time he filed his Complaint on November 15, 2018. See Response at 1-3. He asserts that he was "honest" with the Court on November 15, 2018, when he revealed his prior filings. Id. at 2. He states that Defendants' three-strikes argument is without merit because the United States Court of Appeals for the Eleventh Circuit dismissed Case No. 19-10906-E as frivolous on May 29, 2019, well after he filed his Complaint in the instant action. See id. Logan asserts that, in Case No. 3:19-cv-717-J-34MCR, the Court counted Case No. 19-10906-E as a prior qualifying dismissal because he had filed his Complaint on June 14,

3

2019. See id. at 1; see also Case No. 3:19-cv-717-J-34MCR, Order (Doc. 40) at 5, filed March 31, 2020.

The Court addressed a three-strikes argument in November 2019 when Defendant Ong maintained that Logan had three prior qualifying dismissals and did not meet the imminent danger exception to dismissal. Ong requested that the Court dismiss the action under 28 U.S.C. § 1915(g). Ong argued that the three prior qualifying dismissals were: Case Nos. 3:14-cv-310-J-34JRK; 2:01-cv-588-FtM-29DNF; and 2:02-cv-66-FtM-29DNF. After review, the Court denied Ong's Motion as to his assertion that Logan had three prior qualifying dismissals at the time he initiated this lawsuit. In doing, so, the Court stated in pertinent part:

> Notably, upon the filing of Logan's Complaint, the Court reviewed Logan's prior filings to determine whether he was a three-strikes litigant. Over the years, Logan has been a prolific filer in this Court, however, he was not a three-strikes litigant at the time he initiated this action on November 15, 2018.

Order (Doc. 64) at 10 (footnote omitted). Additionally, the Court stated: "Logan did not have three prior qualifying dismissals at the time he initiated this action." See id. at 10 n.7.

According to Defendants, the Eleventh Circuit's May 29, 2019 dismissal of Logan's appeal as frivolous in Case No. 19-10906-E counts as a prior qualifying dismissal, and therefore, the Court should revoke Logan's IFP status and dismiss the case without prejudice. The Court was, and still is, aware that Logan has been a prolific litigant in the federal courts. Thus, at the time Logan filed his Complaint on November 15, 2018, the Court reviewed his prior filings to determine whether he was a three-strikes litigant.

4

Nevertheless, it is only prior qualifying dismissals that serve as the basis for a three-strikes dismissal under § 1915(g). Here, Defendants' argument is considerably flawed. The Eleventh Circuit dismissed Logan's appeal as frivolous in Case No. 19-10906-E on May 29, 2019, well beyond the date of November 15, 2018, when Logan filed the Complaint in the instant action. As such, Defendants' Motion is due to be denied.

In consideration of the foregoing, it is now

**ORDERED**:

1. Defendants' Dispositive Motion to Revoke Plaintiff's IFP Status, Dismiss the Case without Prejudice, and Request for the Court to Take Judicial Notice of Court Filings (Doc. 71) is **DENIED**.

2. The deadlines imposed in Order (Doc. 70) shall remain in effect.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of April, 2020.

MARCIA MORALES HOWARD
United States District Judge

sc 4/13
c:
James Alexander Logan, #Y00683
Counsel of Record